MURDOCK, Judge,
dissenting.
Alluding to § 26-17-8, Ala.Code 1975, the juvenile court stated that its judgment was based on its conclusion that, as a matter of law, it was limited in its award of past-due child support under the parties’ 1995 child-support agreement to the two-year period immediately prior to the filing of the mother’s petition:
“To be honest with you, I don’t think that statute extends to your statute of limitations for enforcement. I agree I can enforce in terms of the agreement, but not beyond two years back because there’s never been an order of support. So, I think that’s where I’m getting my limit. I’m getting what I calculate in the last two years, looking at what’s there.”
(Emphasis added.) This self-imposed limitation was an error of law. Like Judge Crawley, I interpret § 26-17-8 to apply only where there has been no agreement of the nature contemplated by § 26-17-16, Ala.Code 1975.
Had the juvenile court not determined that the former statute limited the mother’s rights under the latter statute, it *210 might have awarded the mother a larger child-support arrearage. As the main opinion notes, the evidence as to the amount of contractual arrearage referable to the time period more than two years before the filing of the complaint was in conflict. There was substantial evidence supporting each party’s position.[2] The main opinion puts this court in the position of speculating as to what factual determination the trial court might have made as to the period more than two years before the filing of the complaint had the court not considered itself limited to that two-year period by § 26-17-8. Because I believe this case must therefore be remanded to the trial court for findings that are not truncated by an erroneous understanding of the aforesaid statutes, I must respectfully dissent.

. Indeed, as the main opinion notes, "[t]he mother testified that since 1995 the father had paid her a total of $6,733.17 pursuant to the child-support agreement [and that she] estimated that the father owed an additional $23,266.83 in child support under that agreement.” 906 So.2d at 205. Not long after the mother testified to those amounts, the trial court responded to an inquiry by the mother's attorney as to whether he had introduced certain written computations by advising the attorney that the mother already had testified as to the fact that the father owed her approximately $23,000.